IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:15-CR-0024 |
| v. | ) |
| | ) |
| TORREY EZRA CLARK, | ) |
| | ) By:  Michael F. Urbanski |
| Defendant. | ) Chief United States District Judge |

**MEMORANDUM OPINION**

This matter is before the court on a motion filed by Torrey Ezra Clark entitled Motion for a Recommendation to the Federal Bureau of Prisons Via a Statement of Reasons, or in the Alternative, for a Simple, Written Recommendation to the Bureau of Prisons. ECF No. 54. In this motion, Clark asks the court to recommend to the federal Bureau of Prisons that the Virginia Department of Corrections be designated for service of his federal sentence on a nunc pro tunc basis.

On June 5, 2015, Clark entered a guilty plea to two federal drug charges. Count 1 charged conspiracy to possess with intent to distribute 1,4-Butanediol (GHB) in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Count 2 charged importation of 1,4-Butanediol (GHB) in the United States in violation of 21 U.S.C. §§ 952 and 960(b)(3). At sentencing, the court noted Clark's prior history of substance abuse and drug dealing and sentenced him to a seventy (70) month sentence, representing the low end of his sentencing guidelines range.

Clark was in the custody of Virginia authorities at the time of his federal prosecution. When an inmate is subject to sentences imposed by both federal and state courts ─ different sovereigns ─ the sovereign that arrested him first acquires and maintains primary jurisdiction

1

over him until the sentence imposed by that sovereign has been satisfied. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998). In other words, "the first sovereign to arrest an offender has priority of jurisdiction over him for trial, sentencing, and incarceration" and that "jurisdiction continues until the first sovereign relinquishes its priority by, for example, bail release, dismissal of the state charges, parole release, or expiration of the sentence." United States v. Smith, 812 F. Supp. 368, 370 n.2 (E.D.N.Y. 1993).

Clark was in the primary jurisdiction of Virginia authorities, and his federal prosecution was handled on a writ of habeas corpus ad prosequendum basis. As such, Clark remained in state custody. "This rule derives from the fact that the federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities." Evans, 159 F.3d at 912.

> A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.

Id.

At Clark's federal sentencing on September 10, 2015, the court noted that Clark was "probably facing significant comeback time from . . . his state convictions." Sentencing Tr., ECF No. 53, at 58. The court stated:

> So, now, I'm going to sentence you to the custody of the Bureau of Prisons for a total of 70 months, that's on Counts One and Two, served concurrently.
>
> I am not going to indicate one way or the other – I'm not going to bind the state court. I'm going to let the state court get the benefit of what I have done in this case, the 70 months, and they

> can make their own judgment as to whether or not they want to run it consecutive with my federal sentence or not.

Id. at 65-66. Following his federal sentencing, Clark was returned to the custody of Virginia authorities. See Evans, 159 F.3d at 912 ("Principles of comity require that when the writ of habeas corpus ad prosequendum is satisfied, the receiving sovereign return the prisoner to the sending sovereign.").

Subsequently, on September 20, 2016, Clark was sentenced in the Floyd County Circuit Court and on September 23, 2016 in the Radford Circuit Court to a combined term of seven (7) years and six (6) months on several probation violations. Clark has been in the custody of the Virginia Department of Corrections at the Bland Correctional Center since that time and has a projected good time release date of November 2, 2021. Information supplied by Clark indicates that he has done well at Bland and has successfully participated in a service dog training program.

After his state court sentencing in 2016, Clark filed a Motion for Retroactive Designation to Run Federal Sentence Concurrent with State Sentences. Mot., ECF No. 48. The court denied this motion on November 8, 2016 for lack of jurisdiction, but noted that "[i]f Clark wants the BOP to retroactively designate a state facility as the place for serving a federal sentence, he may make such a request to the BOP pursuant to 18 U.S.C. § 3621(b)." Id. at 2.

Clark's pending motion does not take issue with the court's finding that it lacked jurisdiction to alter or amend its prior judgment. Rather, noting his positive development in state custody and the discretion of the Bureau of Prisons to make a nunc pro tunc designation

of the Virginia Department of Corrections for service of his federal sentence, Clark asks the court to recommend such a designation to the Bureau of Prisons.

In Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Third Circuit Court of Appeals held that the authority vested in the Bureau of Prisons under 18 U.S.C. § 3621(b) to designate the place of a prisoner's imprisonment included the "power to make a nunc pro tunc designation." Id. at 482. After Barden was decided, the Bureau of Prisons began to analyze requests for retroactive designation pursuant to § 3621(b). In addition, Bureau of Prisons Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence,[1] expressly references Barden with respect to prisoner requests for nunc pro tunc designation. As the Supreme Court footnoted in Setser v. United States, 566 U.S. 231, 235 n.1 (2012), "[t]he Bureau of Prisons sometimes makes this designation while the prisoner is in state custody and sometimes makes a nunc pro tunc designation once the prisoner enters federal custody."

In Mangum v. Hallembaek, 824 F.3d 98, 100 (4th Cir. 2016), the Fourth Circuit Court of Appeals cited Barden for this proposition and remanded, for "plenary consideration" by the Bureau of Prisons, a federal prisoner's request for nunc pro tunc designation of a state prison facility for service of his federal sentence. In Mangum, as here, the federal sentencing court did not specify whether the federal sentence should be run consecutively or concurrently to a subsequently imposed state sentence, and the Bureau of Prisons interpreted that silence as indicating that the state and federal sentences be run consecutively. The Fourth Circuit concluded otherwise, stating that "we are constrained to agree with Mangum's assertion that

---

[1] BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, (Jan. 16, 2003), https://www.bop.gov/policy/progstat/5160_005.pdf.

4

the federal sentencing judge's silence does not and cannot give rise to a statutory presumption that the federal sentence should be deemed intended as a consecutive sentence to the later imposed state sentence." Id. at 102.

The Bureau of Prisons ("BOP") has "wide discretion to designate the place of confinement for purposes of serving federal sentences of imprisonment." Barden, 921 F. 2d at 483; Trowell v. Beeler, 135 F. App'x 590, 593 (4th Cir. 2005) ("Section 3621(b) grants BOP wide latitude in selecting the place of a federal prisoner's confinement."). In exercising its discretion, one factor for the Bureau of Prisons to consider is the recommendation of the sentencing court. See 18 U.S.C. § 3621(b)(4). "Under the statute and the Bureau's regulations, [a federal prisoner] is entitled to 'fair treatment' on his application for nunc pro tunc designation of the state facility as a place of confinement for his federal sentence." Barden, 921 F. 2d at 483.

The court recognizes that the views of the sentencing court are but one of the statutory factors for the Bureau of Prisons to consider in evaluating requests for such a nunc pro tunc designation. See Trowell, 135 F. Appx at 595 ("While the federal sentencing court may of course express its views on the matter, BOP cannot simply accept these views at face value and accord them controlling weight as a blanket policy. In other words, BOP may not simply defer entirely to the will or the reasoning of the federal sentencing court when faced with an inmate's request for nunc pro tunc designation."). Nevertheless, to the extent that these views are helpful to the Bureau of Prisons in exercising its discretion, the court now **RECOMMENDS** that the Bureau of Prisons grant Clark's request to receive a nunc pro tunc designation of the Virginia Department of Corrections for service of the seventy (70) month

5

federal sentence imposed in this case. This recommendation takes into account the length of the state sentence Clark is serving for his probation violations, the factors under 18 U.S.C. § 3553(a), and the evident progress Clark has made while in state prison. As such, Clark's motion, ECF No. 54, is **GRANTED**. An Amended Statement of Reasons reflecting this recommendation will be entered.

ENTERED this 15th day of April, 2020.

Michael F. Urbanski
Chief United States District Judge